**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL GONZALEZ | : | |
| | : | |
| Appellant | : | No. 2057 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 27, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004233-2023

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 14, 2026**

Appellant Daniel Gonzalez appeals from the judgment of sentence imposed after he pled guilty to aggravated assault and recklessly endangering another person (REAP).[1] Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court summarized the underlying facts of this case as follows:

On March 12, 2023, police responded to Broad and Girard Street, in Philadelphia. Upon their arrival, officers encountered a sixty-two-year-old man lying on the sidewalk. The man, later identified as Edward Doyle, had suffered sever[e] injuries to his face and was struggling to maintain consciousness. Medics transported Mr. Doyle to Temple Hospital, where he was treated for severe bruising on his face, a broken nose, and his eyes were swollen shut. N.T., 2/25/25, at 8-9.

During an interview with police, Mr. Doyle stated that he had been on his way to a store on the 1300 block of Girard on the day of the beating. While approaching the store, Mr. Doyle noticed

_____

[1] 18 Pa.C.S. §§ 2702(a)(1) and 2705.

several juveniles hanging around right in front of the store. As he walked past, one of the juveniles spoke to him. After making his purchases, Mr. Doyle left the store and began walking up the street. While he was walking, Mr. Doyle was struck on the right side of his face and cannot remember much after being hit. During the interview with police, Mr. Doyle positively identified Appellant as one of the juveniles that hit him. This identification was corroborated by recovered surveillance footage. *Id.* at 9-10.

Trial Ct. Op., 9/3/25, at 2-3 (some formatting altered).

Following the incident, Appellant was arrested and charged with aggravated assault and related offenses. *See id.* at 1. On February 25, 2025, Appellant pled guilty to aggravated assault and REAP. *Id.* Thereafter, the trial court explained:

> On March 27, 2025, the court conducted a sentencing hearing for two of Appellant's cases.[2] During [the] hearing, the court acknowledged that it received the Appellant's pre-sentence investigation [(PSI)] report, and mental health report. The Commonwealth also played the recovered video footage of the bea[t]ing, which showed Appellant sucker-punching Mr. Doyle from behind. Appellant then left the badly beaten Mr. Doyle crumpled on the sidewalk. N.T., [Sentencing Hr'g,] 3/27/25 at 3, 27.

*Id.* at 3.

Ultimately, the trial court sentenced Appellant to a term of four to eight years' incarceration for aggravated assault, with no further penalty for REAP. The trial court ordered Appellant's sentence to run consecutive to his sentence for an unrelated case at Docket No. 5715-2023.

_____

[2] We note that the trial court also sentenced Appellant for a separate case at Docket No. 5715-2023. However, Appellant did not file a direct appeal in that matter.

Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence, which was denied by operation of law. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for review:

Did the [trial] court abuse its discretion by imposing a sentence based solely on the seriousness of the offense and without adequate consideration of [Appellant's] background, trauma, and rehabilitative needs?

Appellant's Brief at 3.

Appellant argues that the trial court "imposed an unreasonable and excessive sentence in violation of 42 Pa.C.S. § 9721(b)" and "failed to adequately consider Appellant's rehabilitative needs or mitigating circumstances, by focusing on Appellant's conduct underlying the plea." *Id.* at 4. Appellant contends that although the trial court "acknowledged that it reviewed the reports and stated that [Appellant] should get therapy in prison, these remarks were cursory at best." *Id.* at 14. Further, Appellant claims that "[n]othing in the record shows that the court gave any meaningful consideration to any factor other than the gravity of the offense" and that "in doing so . . . the court did not consider [Appellant's] background and rehabilitative needs." *Id.* Appellant asserts that "had the court fully factored in [Appellant's] background at sentencing, the sentence imposed would have

been mitigated, considerably" and concludes that a remand is required. ***Id.*** at 16.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding that "this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Raven**, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), . . . [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically

reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted), *overruled on other grounds by*, *Commonwealth v. Seals*, 353 A.3d 747 (Pa. Super. 2026).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023), *aff'd*, 348 A.3d 133 (Pa. 2025). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors." *Id.* (citation omitted).

Here, the trial court explained:

The court clearly stated the reasoning for its sentence on the record. The court acknowledged that Appellant appears to be struggling with mental health issues and would benefit from therapeutic community. [Sentencing Hr'g] at 35-36. The court

also acknowledged that Appellant pled guilty and took some responsibility for his actions. ***Id.***

However, the court stated that these mitigating circumstances were entirely balanced out by the aggravating circumstances. ***Id.*** Appellant "sucker punched" "a 62-year-old, very frail looking old man" [who] "could barely stand upright." ***Id.*** at 35. Then, Appellant went on to shoot someone to death in the same neighborhood just a few days later. ***Id.*** at 36-37. In balancing these facts against Appellant's proffered mitigation evidence, the court reasonably sentenced Appellant to [a] guideline sentence.

Trial Ct. Op. at 8-9 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. ***See Raven***, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. ***See*** N.T. Sentencing Hr'g at 3. Therefore, we presume that the trial court was fully aware of the mitigating factors and considered them when imposing Appellant's sentence. ***See Edwards***, 194 A.3d at 638; ***see also Kurtz***, 294 A.3d at 536. Additionally, the record reflects that the trial court considered all the relevant sentencing factors. ***See*** N.T. Sentencing Hr'g at 35-37. We will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. ***See Kurtz***, 294 A.3d at 536. For these reasons, we conclude that Appellant is not entitled to relief and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/14/2026